UNITED STATES DISTRICT COURT
EASTERN DISTRICT PENNSYLVANIA

| | |
|---|---|
| EUI CHUNG a/k/a BEN CHUNG and ARLENE CASTILLO, h/w 1892 Flintlock Circle Lansdale, PA 19446     Plaintiffs,       v. MITCHELL MCCREERY 150 E. Atlantic Avenue, #12 Hi-Nella, NJ  08083     and OCEAN HOME HEALTH SUPPLY, LLC 1000 Airport Road, #101 Lakewood, N J08701     Defendants | : : :, : : : No. : : : : **JURY TRIAL DEMANDED** : : : : **CIVIL ACTION** : |

## COMPLAINT

Plaintiffs, Eui Chung a/k/a Ben Chung and Arlene Castillo, husband and wife, by and through their undersigned counsel, file the within Complaint, and aver as follows:

**I.      PARTIES**

1.      Plaintiff, Eui Chung a/k/a Ben Chung, and Arlene Castillo, his wife, are adult individuals and resident of the Commonwealth of Pennsylvania, with an address at 1892 Flintlock Circle, Lansdale, PA 19446.

2.      Defendant, Mitchell McCreery. (hereinafter "Defendant McCreery"), is an individual and resident of New Jersey with an 150 E. Atlantic Avenue, #12 Hi-Nella, NJ, 08083.

3.      Defendant Ocean Home Health Supply, LLC ("Defendant Ocean") is a foreign business organization with an address at 1000 Airport Road, #101 Lakewood, NJ, 08701. Defendant Ocean is at all times material hereto doing business in the Commonwealth of Pennsylvania.

1

4. At all times material times hereto, Defendant McCreery was acting within the course and scope of his agency, master/servant, and/or employment relationship with Defendant Ocean herein when his vehicle collided with Plaintiff's motorcycle.

5. At all times material hereto, Defendant Ocean, was acting by and through its agents, ostensible agents, servants, and/or employees, who were acting within the course and scope of their agency, master/servant, and/or employment relationship.

6. At all times material hereto, Defendant Ocean was the owner of vehicle driven by Defendant McCreery.

7. Venue is predicated in Philadelphia County as all events giving rise to the cause of action occurred in Philadelphia.

**II.  FACTS**

8. On April 27, 2017, Plaintiff was travelling northbound on his motorcycle. Plaintiff stopped at the 1000 block of Welsh Road, Philadelphia, Pennsylvania, because of a red light. Plaintiff was in the right turn lane and had his signal on to turn right.

9. Defendant McCreery was driving a Ford vehicle owned by Defendant Ocean and was next to Plaintiff in the lane that was clearly marked to proceed "straight", when suddenly and without warning, Defendant McCreery illegally turned right and struck Plaintiff.

10. Plaintiff was thrown from his motorcycle and landed on the road. The tire on Defendant McCreery's vehicle ran over Plaintiff's head.

11. Plaintiff was transported from the scene of the accident to Aria Torresdale Hospital and treated for head wounds and a concussion.

12. As a result of the accident, Plaintiff motorcycle sustained property damage.

13. Further, as a direct and proximate result of the accident, Plaintiff suffered a concussion, posttraumatic encephalopathy, headaches, anxiety and depression, nightmares, and disequilibrium, with short-term memory loss, all of which may be permanent in nature.

## COUNT I
## NEGLIGENCE
### PLAINTIFFS v. MITCHELL MCCREERY and OCEAN HOME HEALTH SUPPLY, LLC

14. Plaintiffs repeat each and every allegation of all preceding paragraphs as though set forth herein at length.

15. The negligence, recklessness, and carelessness of Defendants McCreery and Ocean, individually, jointly and/or severally, acting through their agents, servants, and/or employees who were acting in the course and scope of their employment consisted, *inter alia*, of the following:

   a. failing to properly maintain the vehicle;

   b. failing to have said vehicle under proper and adequate control under the circumstances;

   c. operating vehicle in a careless and reckless manner;

   d. failing to turn said vehicle in an effort to avoid the collision;

   e. failing to yield the right of way;

   f. failing to proceed with caution;

   g. being inattentive to the position and activity of other vehicles traveling on the roadway;

   h. failing to timely apply the brakes;

   i. failing to maintain a proper lookout on the highway;

   j. operating said vehicle without due regard for the rights, safety, and position of others on the highway;

    k.    being inattentive to the conditions of traffic

    l.    illegally changing lanes without signaling.

    m.    negligently entrusting vehicle to Defendant McCreery;

    n.    permitting an unqualified driver to operate said vehicle;

    o.    failing to properly train, educate, and/or instruct Defendant McCreery, in the proper and safe operation of said vehicle in its then existing condition;

    p.    failing to properly supervise Defendant McCreery, under the circumstances

    q.    negligence *per* se

16. As a direct and proximate result of this accident, Plaintiff Eui Chung suffered serious and severe bodily injuries, which are or may be permanent in nature, including, but not limited to concussion, posttraumatic encephalopathy, headaches, anxiety and depression, nightmares, disequilibrium, cervical and lumbar injuries. In addition, Plaintiff aggravated some preexisting cervical and lumbar radiculopathy..

17. As a further result of this accident, Plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, therefore, Plaintiff is entitled to recover any and all medical expenses and costs.

18. As a further result of this accident, Plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

19. As a further result of this accident, Plaintiff has or may continue to in the future incur other financial expenses or losses that he is entitled to recover.

20. As a further result of this accident, Plaintiff has suffered severe physical pain,

4

aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

    WHEREFORE, Plaintiff, Eui Chung demands judgment in his favor and against Mitchell McCreery and Ocean Home Health Supply, LLC, jointly and severally for compensatory damages in excess of One Hundred Thousand Dollars ($100,000), plus fees, costs and expenditures, interest, and any further relief as is just and appropriate.

**COUNT II**
**NEGLIGENT ENTRUSTMENT**
**PLAINTIFFS v. OCEAN HOME HEALTH SUPPLY, LLC**

    21.    Plaintiffs repeat each and every allegation of all preceding paragraphs as though set forth herein at length.

    22.    The negligence, carelessness, and, recklessness of the defendant, Ocean consisted, inter alia, of the following:

        a.    negligently entrusting the vehicle to defendant, McCreery

        b.    permitting an unqualified driver to operate said vehicle;

        c.    failing to properly train, educate, and/or instruct defendant, McCreery, in the proper and safe operation of said tractor-trailer in its then existing condition;

        d.    failing to properly train, educate, and instruct defendant, McCreery as an agent for Ocean ;

        e.    failing to properly supervise defendant, McCreery under the circumstances;

        f.    violating the provisions of the Restatement (Second) of Torts;

23. As a direct and proximate result of this accident, Plaintiff Eui Chung suffered serious and severe bodily injuries, which are or may be permanent in nature, including, but not limited to injuries to his head.

24. As a further result of this accident, Plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, therefore, Plaintiff is entitled to recover any and all medical expenses and costs.

25. As a further result of this accident, Plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

26. As a further result of this accident, Plaintiff has or may continue to in the future incur other financial expenses or losses that he is entitled to recover.

27. As a further result of this accident, Plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

WHEREFORE, Plaintiff, Eui Chung demands judgment in his favor and against Mitchell McCreery and Ocean Home Health Supply, LLC, jointly and severally, for compensatory damages in excess of Hundred Thousand Dollars ($100,000), plus fees, costs and expenditures, interest, and any further relief as is just and appropriate.

## COUNT III
## LOSS OF CONSORTIUM
## ARLENE CASTILLO V. ALL DEFENDANTS

29. Plaintiffs repeat each and every allegation of all preceding paragraphs as though set forth herein at length.

30. As a further result of the tortious conduct of all the defendants named herein, Arlene Castillo, suffered, and will continue to suffer for an indefinite time in the future, loss of the services, society, companionship, and consortium of her husband, Eui Chung.

WHEREFORE, Plaintiff, Arlene Castillo, demands judgment in her favor and against Mitchell McCreery and Ocean Home Health Supply, LLC, jointly and severally, in an amount in excess of Hundred Thousand Dollars ($100,000), plus fees, costs and expenditures, interest, and any further relief as is just and appropriate.

Respectfully submitted:

*Robert J. Birch*

_____
Robert J. Birch, Esquire
617 Swede Street
Norristown, PA 19401
PH: 610-277-9700
FAX: 610-277-2403